UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CRAIG COPLEY,<br><br>        Plaintiff<br><br>v.<br><br>CHIEF OF YORK BEACH POLICE DEPARTMENT and<br>SHERIFF OF YORK COUNTY ALFRED, MAINE<br><br>        Defendant | **CASE NO: 2:16-cv-00458-DBH** |

## AMENDED ANSWER TO COMPLAINT AND JURY TRIAL DEMAND

NOW COMES Douglas Bracy in his official capacity as Chief of Police for the Town of York, and answers Plaintiff's Complaint as follows:

IV.    Statement of Claim

Defendant denies the allegations contained in paragraph IV of the Complaint.

V.    Relief

Defendant denies the allegations contained in paragraph V of the Complaint.

### AFFIRMATIVE DEFENSES

1.    Defendant affirmatively defends by stating that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.    Defendant affirmatively defends by stating that Plaintiff's Complaint is barred by the statute of limitations.

3.    Defendant affirmatively defends by stating that his conduct was privileged.

4. Defendant affirmatively defends by stating that Plaintiff has failed to mitigate his own damages.

5. Defendant affirmatively defends by stating that Plaintiff's Complaint is barred by the doctrine of absolute immunity and/or qualified immunity.

6. If any of Defendant's acts are found to have been unlawful and/or unconstitutional, Defendant had no knowledge of such illegality or unconstitutionality at the time of the alleged conduct and at all times was acting in good faith.

7. Any action taken by Defendant was based upon probable cause to arrest Plaintiff as a fugitive from justice as confirmed by Connecticut probation and parole officials.

8. Defendant's conduct did not rise to the level of a constitutional violation, but, at most, amounts to a common law tort, which tort liability is barred by the provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

9. No clearly established rights of Plaintiff were violated by Defendant's actions.

10. Plaintiff's claims are barred by the doctrine of estoppel and/or preclusion.

11. Defendant affirmatively defends by stating that no supervisory liability claim can lie in the absence of a violation of Plaintiff's rights by an officer that is observed by a supervisory officer who had a reasonable opportunity to intervene and stop such violation but failed to do so.

12. Defendant played no role in the transfer of custody of Plaintiff from the York County jail to probation and parole officials from the state of Connecticut, as that transfer was conducted entirely between the York County jail and the state of Connecticut.

**JURY DEMAND**

The Portland Defendants hereby demand a trial by jury pursuant to F.R.Civ.P. 38(b).

DATED at Portland, Maine this 20th day of December, 2016.

/*s/Edward R. Benjamin, Jr.*

*/s/Kasia S. Park*
Edward R. Benjamin, Jr.
Kasia S. Park

Attorneys for Defendant

Drummond Woodsum
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
ebenjamin@dwmlaw.com
kpark@dwmlaw.com

**CERTIFICATE OF SERVICE**

     I, Edward R. Benjamin, attorney for Defendant, hereby certify that on December 20, 2016, I electronically filed the above Amended Answer and Jury Trial Demand with the Clerk of Court using the CM/ECF system ECF system which will send notification of such filings(s) to all parties of record. I further certify that a copy of the above document has been provided to Plaintiff via U.S. mail, postage prepaid, at the following address:

        **MPI 186793 – LEGAL MAIL**
        Craig O. Copley
        Connecticut Valley Hospital
        70 Holmes Drive
        Dutchers Hall South 3
        P.O. Box 351
        Middleton, CT  06457

Dated:   December 20, 2016

                                                  */s/ Edward R. Benjamin*
                                                  Edward R. Benjamin, Jr.
                                                  Attorney for Defendant

DRUMMOND WOODSUM
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
ebenjamin@dwmlaw.com