UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CRAIG COPLEY,                )
                             )
        Plaintiff            )
                             )
    v.                       )    2:16-cv-00458-DBH
                             )
YORK BEACH POLICE CHIEF, et al., )
                             )
        Defendants           )

# RECOMMENDED DECISION ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

In this action, Plaintiff Craig Copley alleges members of the Town of York Police Department arrested him unlawfully, and that members of the York County Sheriff's Office improperly permitted his transfer to Connecticut in violation of the applicable extradition procedure.

The matter is before the Court on Defendants' motions for summary judgment. (Def. York County Sheriff's Motion for Summary Judgment, ECF No. 54; Def. Chief of Police for the Town of York's Motion for Summary Judgment, ECF No. 57.) Through their motions, Defendants contend summary judgment is appropriate because the record establishes that Plaintiff was arrested pursuant to a valid warrant and that Plaintiff's transfer was lawful.

Following a review of the summary judgment record, and after consideration of the parties' arguments, I recommend the Court dismiss the Plaintiff's arrest-related claim for lack of subject matter jurisdiction. Alternatively, in the event the Court determines the Court has jurisdiction to consider the merits of the claim, I recommend the Court grant

Defendants' motions for summary judgment on the arrest-related claim. I also recommend the Court grant Defendants' motions for summary judgment as to Plaintiff's claim based on his extradition to Connecticut.

**BACKGROUND FACTS**

In support of their motions, Defendants have each submitted a record, including a statement of material facts, in accordance with Local Rule 56. Plaintiff has not filed an opposing statement of material facts, but Plaintiff signed his pleadings under penalty of perjury. The facts are derived from the statements of material facts and Plaintiff's verified pleadings.[1]

*Plaintiff's Pleadings*

According to Plaintiff's verified complaint, York Beach Police Department falsely arrested Plaintiff on October 14, 2014, based on an invalid probation warrant that issued due to Plaintiff's failure to report to his probation officer on February 25, 2014. Plaintiff

---

[1] At summary judgment, a court ordinarily considers only the facts included in the parties' statements of material facts, which statements must be supported by citations to evidence of record. Federal Rule of Civil Procedure 56(c) and District of Maine Local Rule 56(b) – (d) require the specific citation to record evidence. In addition, Local Rule 56 establishes the manner by which parties must present their factual statements and the evidence on which the statements depend. A party seeking summary judgment thus must file, in addition to its summary judgment motion, a supporting statement of material facts setting forth each fact in a separately numbered paragraph, with each factual statement followed by a citation to evidence of record that supports the factual statement. D. Me. Loc. R. 56(b). A party opposing a motion for summary judgment must file an opposing statement in which it admits, denies, or qualifies the moving party's statements by reference to each numbered paragraph, with citations to supporting evidence, and in which it may set forth additional facts, in separately numbered paragraphs, with citation to supporting evidence. D. Me. Loc. R. 56(c). "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." D. Me. Loc. R. 56(f). Additionally, "[t]he court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment." *Id.* Ordinarily, a party's pro se status does not relieve the party of the obligation to comply with the court's procedural rules. *Ruiz Rivera v. Riley*, 209 F.3d 24, 27 – 28 & n. 2 (1st Cir. 2000); *Marcello v. Maine*, 489 F. Supp. 2d 70, 77 (D. Me. 2007). However, in the context of summary judgment, this Court has observed that facts set forth in a pro se litigant's verified complaint or affidavit should be considered. *Clarke v. Blais*, 473 F. Supp. 2d 124, 128 (D. Me. 2007).

maintains that in July or August 2012, he received an unconditional discharge that terminated the underlying probationary sentence. (Complaint at 3, ECF No. 1.) Plaintiff has further alleged that, following his arrest, an extradition hearing was scheduled, but before his hearing he "was unlawfully and illegally transported from [the] Alford [sic], Maine jail to Conn[ecticut]." (*Id.* at 5.) Through a motion to amend signed under penalty of perjury, Plaintiff further asserted that Defendants violated his right to travel. (Motion to Amend, ECF No. 16.)

*Defendants' Statements of Material Facts*

In support of the motions for summary judgment, Defendants cite a probation motion signed on February 25, 2014, by which the state of Connecticut charged Plaintiff with a probation violation. (York County Sheriff's Statement of Material Facts, Ex. D, ECF No. 56-1.) According to the motion, Plaintiff's term of probation started January 13, 2014, based on a Connecticut state court sentence that was imposed on December 18, 2013. (*Id.*) Plaintiff agreed to and signed the conditions of probation on January 15, 2014. The terms of probation provide that a probationer "must follow" specified conditions, including the condition that the probationer "[a]gree to return (waive extradition) from any other state, territory, or jurisdiction." (*Id.* at 2, ¶ 5.) On March 4, 2014, the Connecticut Superior Court issued a warrant for Plaintiff's arrest based on an affidavit that described alleged violations of the conditions of probation. (*Id.* at 7 – 9.)

On the evening of October 13, 2015, Plaintiff entered the Town of York Police Department and requested assistance with locating a place to spend the night. (York Police SMF ¶ 5, ECF No. 58.) The York Police Department has vouchers available to provide

financial assistance to persons in need, but identification is required for participation in the program. (*Id.* ¶¶ 6, 8.) When dispatch ran a check of Plaintiff's name and date of birth, the search revealed an active Connecticut warrant for Plaintiff's arrest based on Plaintiff's alleged violation of probation. (*Id.* ¶ 14.) According to the available records, the warrant stated that extradition was approved for surrounding states. The record also included the name of Connecticut Parole Officer Bryan Sissick. (*Id.* ¶ 16.)

York Officer Joshua Goddard contacted Parole Officer Sissick and informed him that Plaintiff was in Maine. (*Id.* ¶ 18.) Officer Sissick confirmed that there was a valid and outstanding warrant for Plaintiff's arrest for probation violations, and he advised that an official from Connecticut would travel to Maine to take custody of Plaintiff. (*Id.* ¶ 19.) Officer Christopher Gosselin also spoke with Officer Sissick, and Officer Sissick again confirmed that there was a valid and outstanding warrant for Plaintiff's arrest. (*Id.* ¶ 20.) Officer Sissick asked for Plaintiff to be detained to permit Connecticut Probation and Parole the opportunity to travel to York County Jail to take custody of Plaintiff. (*Id.* ¶ 23.)

Officer Gosselin arrested Plaintiff as a fugitive from justice. (*Id.* ¶ 26.) Following the arrest, the York Police Department transported Plaintiff to the York County Jail for further processing and holding. (*Id.* ¶ 22.) Officer Gosselin completed the necessary arrest-related documents and informed the York County Jail that Officer Sissick would provide additional documentation from Connecticut. (*Id.* ¶ 29.) Defendant Chief of Police of the York Police Department was not present or involved in any way in Plaintiff's arrest or extradition. (*Id.* ¶ 31.)

After Officer Gosselin delivered Plaintiff to the York County Jail, Plaintiff was booked as a fugitive from justice based on the Connecticut warrant and held until October 22, 2015. (*Id.* ¶ 2.) On October 14, 2015, the York County Jail received a twelve-page fax transmission from Officer Sissick, which transmission included a copy of the arrest warrant and a copy of the conditions of probation that provided for the waiver of extradition. Carl Ronco, a sergeant at the York County Jail, provided the documentation to the York County District Attorney's office, which confirmed that the waiver of extradition could be honored and that Plaintiff could be released to Connecticut without an extradition hearing. (*Id.* ¶ 8.)

As Sheriff of York County, William King has final decision-making authority with respect to all policy and operational matters at the York County Jail. (*Id.* ¶ 10.) Sheriff King was not present when his officers released Plaintiff to Connecticut officials, and he did not participate in the decision to release Plaintiff to Connecticut officials. (*Id.* ¶ 11.) Sheriff King has no knowledge of any situations in which York County was found to have improperly released a detainee to out-of-state officials without following proper extradition procedures. (*Id.* ¶ 12.)

York County Jail Policy and Procedure F-160, entitled "Inmate Grievance Policy," is the official policy of the York County Jail and was in effect at all relevant times. (*Id.* ¶ 13.) The grievance policy provides that an inmate may initiate a grievance for various reasons, including for the alleged violation of the inmate's civil, constitutional, or statutory rights. (*Id.* ¶ 14.) If an issue cannot be resolved informally, the grievance policy authorizes the inmate to file a written grievance, which will be forwarded to the jail administration for

investigation and response. (*Id.* ¶ 15.) If an inmate is not satisfied with the response, the inmate may file an appeal, which the Sheriff will review. (*Id.* ¶ 16.) Finally, if an inmate is not satisfied with the results of the grievance, the inmate may file a grievance with the Maine Department of Corrections. (*Id.* ¶ 17.) Plaintiff did not file any grievances. (*Id.* ¶ 18.)

## DISCUSSION

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "After the moving party has presented evidence in support of its motion for summary judgment, 'the burden shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact reasonably could find in his favor.'" *Woodward v. Emulex Corp.*, 714 F.3d 632, 637 (1st Cir. 2013) (quoting *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 158 (1st Cir. 1998)). A court reviews the factual record in the light most favorable to the non-moving party, resolving evidentiary conflicts and drawing reasonable inferences in the non-movant's favor. *Perry v. Roy*, 782 F.3d 73, 77 (1st Cir. 2015). If the court's review of the record reveals evidence sufficient to support findings in favor of the non-moving party …, a trial worthy controversy exists and summary judgment must be denied …. *Id.* ("The district court's role is limited to assessing whether there exists evidence such that a reasonable jury could return a verdict for the nonmoving party." (internal quotation marks omitted)).

B.  **Title 42 U.S.C. § 1983**

Because Plaintiff alleges a constitutional deprivation, Plaintiff's claim would be governed by 42 U.S.C. § 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To maintain a claim under section 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto-Rivera v. Medina-Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

Defendants do not dispute that they acted under color of state law. Instead, Defendants challenge Plaintiff's claim that he has been deprived of a federal right.

C.  **Subject Matter Jurisdiction**

In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), state prisoners brought a civil rights action challenging the constitutionality of state administrative action that deprived them of good time credits. The Supreme Court held that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or

7

length of their confinement, and that specific determination must override the general terms of § 1983." *Id.* at 490.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), a state prisoner brought a civil rights action in which he exclusively sought an award of damages, but he alleged that his conviction was the product of an illegal investigation, arrest, and trial. Consistent with *Preiser*, the Supreme Court held that the plaintiff must first look to habeas corpus or analogous state relief, because a civil judgment in his favor would "necessarily imply" the invalidity of his conviction, even if the only remedy requested was an award of damages. *Id.* at 486 – 87.

In *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005), the Supreme Court explained that *Preiser*, *Heck* and related precedent are designed "to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Based on this authority, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81 – 82.

Through this civil rights action, Plaintiff in part seeks to demonstrate the invalidity of his arrest and detention in order to recover money damages and restore his liberty. Plaintiff, however, is not entitled to relief under section 1983 unless and until a court

determines that his custody in Connecticut is invalid, and after an appropriate court determines whether Plaintiff is entitled to habeas relief.[2] *See Wiley v. City of Chicago*, 361 F.3d 994, 997 (7th Cir. 2004) (claim of false arrest can in some instances be barred by *Heck*, and reasoning that such a claim is barred when it challenges the legality of a pending prosecution); *Hudson v. Wendt*, 175 F.3d 1020 (7th Cir. 1999) (table) (claim of wrongful extradition is barred by *Heck*).

In this case, because a finding in Plaintiff's favor on his civil rights claim regarding his arrest would "necessarily imply" the invalidity of his probation sentence and current confinement based on that sentence, this Court lacks jurisdiction to consider the claim until such time as Plaintiff obtains habeas or similar relief from a federal or state court. Furthermore, as explained by this Court in its prior order dismissing Plaintiff's habeas petition in *Copley v. Vartelas*, No. 2:16-cv-00343-DBH, this Court is not the proper habeas court in which to challenge Connecticut's custody of Plaintiff.

**D.     Defendants' Motions for Summary Judgment**

The *Heck* bar is jurisdictional in nature. *See Widi v. McNeil*, No. 2:12-cv-00188-JAW, 2013 WL 5348628, at *2 (D. Me. Sept. 24, 2013) (citing *Figueroa v. Rivera*, 147 F.3d 77, 81 (1st Cir. 1998), and *McGann v. Eaton*, No. 05–2864, 2006 WL 2391059, at *5 – 6 (1st Cir. Aug. 21, 2006)). On Plaintiff's arrest-related claim, therefore, dismissal, rather than summary judgment, is appropriate. Nevertheless, I will address the merits of

---

[2] In a separate proceeding filed June 27, 2016, Plaintiff petitioned the Court for habeas corpus relief. (*Copley v. Vartelas*, No. 2:16-cv-00343-DBH.) In his habeas petition, Plaintiff stated that he was currently subject to a sentence of probation and was being held in Connecticut based on a probation violation for failure to appear at a court proceeding in 2014. (*Id.*, ECF No. 1.) The Court dismissed Plaintiff's petition because the Court did not have jurisdiction over Plaintiff's current custodian, Helene Vartelas, Chief Executive Officer of the Connecticut Valley Hospital.

Plaintiff's arrest-related claim in the event the Court concludes that the claim is currently within the Court's jurisdiction. On Plaintiff's extradition-related claim, summary judgment is warranted.[3]

### 1. *Chief of Police's Motion for Summary Judgment*

Plaintiff's section 1983 claim against the York Chief of Police alleges false arrest in violation of the Fourth Amendment. The Chief argues he is entitled to summary judgment because the undisputed facts establish there was a valid warrant for Plaintiff's arrest, and because the Chief was not personally involved in Plaintiff's arrest and detention. (Chief's Motion at 6 – 11, ECF No. 57.)

The Fourth Amendment prohibits unreasonable searches and seizures, and provides that no warrant shall issue except on a showing of "probable cause, supported by oath or affirmation." U.S. Const. amend. IV. An officer who makes an arrest pursuant to a warrant is not liable for false arrest unless he or she has reason to know that the warrant was secured under false pretenses or is otherwise invalid. *Burke v. Town of Walpole*, 405 F.3d 66, 85 – 87 (1st Cir. 2005); *Torres Ramirez v. Bermudez Garcia*, 898 F.2d 224, 228 (1st Cir. 1990).

The uncontroverted record evidence establishes that York police officers arrested Plaintiff pursuant to a valid arrest warrant issued by Connecticut, and that there is no evidence that would support an argument that the officers had reason to believe the warrant

---

[3] Because the failure to follow the applicable extradition process generally does not deprive a court of jurisdiction, a challenge to the extradition process does not necessarily imply the invalidation of any subsequent conviction and, therefore, *Heck* does not bar the claim. *See Harden v. Pataki*, 320 F.3d 1289, 1300 – 1301 (11th Cir. 2003).

was obtained under false pretenses or that the warrant was in some way invalid. Plaintiff, therefore, cannot proceed on a claim against the York Chief of Police in a personal capacity or in an official capacity to support a municipal liability claim. *Wilson v. Town of Mendon*, 294 F.3d 1, 6 (1st Cir. 2002); *Fletcher v. Town of Clinton*, 196 F.3d 41, 55 (1st Cir. 1999); *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 583 (1st Cir. 1994); *Pittsley v. Warish*, 927 F.2d 3, 9 n. 4 (1st Cir. 1991).

### 2. *York County Sheriff's Motion for Summary Judgment*

Plaintiff's section 1983 claim against the York County Sheriff is based on the alleged violation of Plaintiff's right to extradition proceedings.[4] The Sheriff argues he is entitled to summary judgment because Plaintiff did not exhaust the available administrative remedies before filing this action. (Sheriff's Motion for Summary Judgment at 3 – 4, ECF No. 54.) Additionally, the Sheriff contends that summary judgment is appropriate because the decision to allow the transfer of Plaintiff was made not pursuant to municipal policy, and because he was not personally involved in the decision. (*Id.* at 4 – 8.) Finally, the Sheriff maintains that the undisputed record establishes that Plaintiff waived any right to challenge extradition. (*Id.* at 5, citing inter alia, *Scull v. New Mexico*, 236 F.3d 588 (10th Cir. 2000).[5])

Whether Plaintiff's extradition claim is analyzed under the objective reasonableness standard of the Fourth Amendment, or based on procedural due process principles, an

---

[4] To the extent Plaintiff contends his detention in the York County Jail was unreasonable under the Fourth Amendment, the claim is subject to the *Heck* bar.

[5] In *Scull*, the Tenth Circuit held that because the plaintiff "had previously signed a waiver of extradition as a condition of parole, he had neither a constitutional nor a statutory right to specific extradition procedures." 236 F.3d at 596.

individual detained on criminal process can waive the right to extradition proceedings. The Uniform Criminal Extradition Act provides:

> Notwithstanding any other provision of law, a law enforcement agency in this State holding a person who is alleged to have broken the terms of his probation, parole, bail or any other release in the demanding state, shall immediately deliver the person to the duly authorized agent of the demanding state without the requirement of a Governor's warrant, if all of the following apply:
>
> 1. Waiver. The person has signed a prior waiver of extradition as a term of his current probation, parole, bail or other release in the demanding state; and
>
> 2. Authenticated copy. The law enforcement agency holding the person has received an authenticated copy of the prior waiver of extradition signed by the person and photographs or fingerprints or other evidence properly identifying the person as the person who signed the waiver.

15 M.R.S. § 226. The Extradition Act thus recognizes that a probationer can waive, in advance, extradition on any future arrest for violation of the conditions of probation.

In this case, the record establishes that as a condition of his probation in Connecticut, Plaintiff waived extradition, and that Connecticut officials requested members of the York County Sheriff's office detain Plaintiff pending extradition. Given Plaintiff's waiver of extradition, the York County Sheriff's office did not act unreasonably under the Fourth Amendment, or deprive Plaintiff of any due process right.[6] Plaintiff, therefore, cannot prevail on his claim.

---

[6] To the extent Plaintiff's pleadings could be construed to advance the extradition-related due process claim against the York Chief of Police, the Chief of Police is entitled to summary judgment because Plaintiff has failed to provide any evidence from which a fact finder could conclude that the Chief of Police or any of his officers were involved in the decision to release Plaintiff to Connecticut authorities.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's arrest-related claim for lack of jurisdiction. Alternatively, if the Court determines that the Court has jurisdiction over the arrest-related claim, I recommend the Court grant the motions for summary judgment and enter judgment in favor of Defendants on the claim. I also recommend the Court grant the motions for summary judgment on the extradition-related claim and enter judgment in favor of Defendants on the claim.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of October, 2017.